FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 05, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>LUCAS DANIEL MURPHY<br><br>                    Defendant. | No. 4:23-CR-06028-MKD<br><br>ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE; AND PROTECTIVE ORDER<br><br>**ECF Nos. 21, 22, 23** |

Before the Court is the parties' Stipulated Motion for Protective Order Regarding Computer Forensic Review Procedures, ECF No. 21, Stipulated Motion for Protective Order Regarding Identification of Minor Victim, ECF No. 22, and related Motion to Expedite, ECF No. 23.

The United States indicates that the discovery in this matter contains materials constituting child pornography contraband as defined in 18 U.S.C. § 2256(8). The parties seek a protective order establishing computer forensic

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER; AND PROTECTIVE ORDER – 1

1  review procedures for material constituting child pornography, pursuant to 18

2  U.S.C. § 3509(m).  ECF No. 21 at 1-2.  The parties stipulate to certain procedures

3  that will make such material reasonably available to Defendant, as required by 18

4  U.S.C. § 3509(m)(2).  ECF No. 21 at 3-5.

5  　　　Further, the parties seek a protective order against public disclosure of the

6  identity of the child victim in this case, pursuant to 18 U.S.C. § 3509(d)(3).  ECF

7  No. 22 at 1.  The parties stipulate that the discovery in this case includes the

8  identity, image, and personal identifying information of an alleged child victim.

9  ECF No. 22 at 2.  Counsel for the United States indicates that the requested

10  protective order is necessary to protect the alleged child victim's privacy, welfare,

11  and reputation and to minimize the emotional trauma and personal embarrassment

12  that would likely result from public disclosure of her identity.  ECF No. 22 at 4-5.

13  The parties stipulate that the provisions of the requested order are appropriate in

14  the circumstances of this case and under the requirements of 18 U.S.C. § 3509.

15  ECF No. 22 at 5.

16  　　　The Court has reviewed the unopposed motions and the record and is fully

17  informed.  The Court finds good cause under Fed. R. Crim. P. 16(d)(1) for a

18  protective order to issue in this matter.  The Court further finds that this case

19  involves a child, as defined by 18 U.S.C. § 3509(a)(2); that there is a significant

20

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER;
AND PROTECTIVE ORDER – 2

1  possibility that public disclosure of the child's identity would be detrimental to the

2  child; and that the requested order is necessary to protect the privacy of the child.

3  18 U.S.C. § 3509(d)(3)(A), (B)(ii).

4      Accordingly, **IT IS ORDERED:**

5    **1.** The Stipulated Motion for Protective Order Regarding Computer Forensic

6      Review Procedures, **ECF No. 21**, is **GRANTED.**

7    **2.** The Stipulated Motion for Protective Order Regarding Identification of

8      Minor Victim, **ECF No. 22**, is **GRANTED.**

9    **3.** The United States' Motion to Expedite, **ECF No. 23**, is **GRANTED.**

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER;
AND PROTECTIVE ORDER – 3

# PROTECTIVE ORDER

**1.**     For the purposes of this Order, the term "Defense Team" shall refer solely to Defendant's counsel of record, Defendant's designated expert, and a defense investigator.

**2.**     This Order shall automatically apply to any subsequent counsel of record, designated expert, and defense investigator for Defendant.

**3.**     This Order shall automatically apply to the bona fide identity, images, and personal identifying information (PII) of any child identified over the course of this case, whether or not that child is known to the United States or Defendant at the time of this Order.

**4.**     The protections in this Order shall continue to apply to any child who attains the age of 18 during the pendency of this case.

**5.**     The United States shall make reasonably available to Defendant all material constituting child pornography in this case in accordance with the following procedures.

   **a.**  The United States will make a forensic copy or "image" of devices and media containing alleged child pornography contraband at issue in this case. The United States will make full forensic images reasonably available to Defendant and provide ample opportunity for

       Defense Team to examine them at a government facility in Spokane, Washington. The United States will also work with Defendant's counsel to make reasonably available a working copy of contraband material at the offices of Homeland Security Investigations in Richland, Washington.

  **b.** The parties may readdress the Court if there is a need for additional or after-hours access during the course of litigation, in the event trial or motion hearings require additional forensic review.

  **c.** Defense Team's examination of the forensic images in Spokane and/or Richland may be conducted in an interview room monitored by closed-circuit television (CC-TV), without audio feed. If so, the CC-TV without audio feed will be used to ensure the integrity of government-agency space and the security of its occupants, and shall not be of sufficient detail or at an angle that would reveal defense strategy.

  **d.** The United States and its agents will make no attempt to record any audio from the workstation nor to observe Defense Team's work product or computer monitor screen at any time. The defense expert

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER; AND PROTECTIVE ORDER – 5

may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

e. Defense Team shall not make, nor permit to be made, any copies of the alleged child pornography contraband pursuant to this Order, nor shall they remove any contraband images from the government facility.

f. The defense expert shall be allowed to copy any file that is not contraband and compile a report (without contraband images/videos) documenting the examination on removable media at the defense expert's discretion.

g. Defense Team shall leave at the government facility any equipment, including hard drives, which contain child pornography contraband that is identified during forensic evaluation.

h. For the purposes of trial, the United States will make available a digital copy of any United States trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by Defense Counsel, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If Defense Team intends to offer,

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER;
AND PROTECTIVE ORDER – 6

publish, or otherwise utilize any government or defense exhibit contained on the digital copy maintained by the case agent during trial, the case agent shall assist Defense Team in publishing or utilizing the exhibit that contains contraband upon reasonable notification from Defense Team.

**6.** All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall:

    **a.** Keep all documents that disclose the names, identities, PII, or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access;

    **b.** Disclose such documents or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information;

    **c.** Not permit Defendant to review discovery outside the presence of Defense Counsel or a defense investigator; and

    **d.** Not permit Defendant to keep discovery in their own possession outside the presence of Defense Counsel or a defense investigator; and

    **e.** Not permit Defendant to keep, copy, or record the identities of any child identified in discovery in this case.

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER; AND PROTECTIVE ORDER – 7

7. All papers to be filed in Court that disclose the names or any other information identifying or concerning a child shall be filed under seal without needing to obtain a Court order.  The filing party shall submit to the Clerk of the Court:

   a. The complete paper to be kept under seal; and

   b. The paper with redactions of the portions that disclose the names or other information identifying or concerning children, to be placed in the public record.

8. The parties and the witnesses shall not disclose the identity of any alleged child victim during any proceedings connected with this case.

   a. The parties and witnesses will refer to alleged child victims only by using agreed-upon initials or pseudonyms (e.g., "Minor Victim 1"), rather than their bona fide names, in motions practice, opening statements, during the presentation of evidence, in closing arguments, and during sentencing.

9. The United States may produce discovery to Defendant that discloses the bona fide identity, images, and PII of the alleged child victim, in order to comply with the United States' discovery obligations.  Defendant,

Defense Team, and all of their externs, employees, and/or staff members, shall keep this information confidential as set forth above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** October 5, 2023.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE